■ JULIA NUNES et al., Respondents, v EARTH RELOCATION, INC., Appellant. [24 NYS3d 630]—

Appeal from order, Supreme Court, New York County (Manuel J. Mendez, J.), entered August 4, 2014, which, to the extent appealed from as limited by the briefs, awarded plaintiffs $42,135 for damage to their goods, deemed an appeal from judgment, same court and Justice, entered February 20, 2015, and so considered, said judgment unanimously reversed, on the law, without costs, and the matter remanded for a hearing and determination regarding the value of the damage to plaintiffs' goods.

The parties entered into a shipping agreement in which plaintiffs valued their household goods to be stored and shipped by defendants, through a third-party carrier, at $42,135. Plaintiffs engaged defendant to procure insurance on their behalf in that same amount. Plaintiffs' goods, which were stored in defendant's warehouse prior to shipping, suffered considerable damage during Hurricane Sandy. Plaintiffs discovered that defendant had not obtained insurance for their

goods, in violation of the parties' agreement. Plaintiffs retrieved from defendant's warehouse those goods that were not damaged, and shipped them through another carrier.

After plaintiffs moved for summary judgment, defendant admitted liability, but contested plaintiffs' damages. Plaintiffs claim that they are entitled to the full "replacement value" of their goods, which they valued in their insurance application at $42,135. However, plaintiffs may not recover for those goods that were never damaged, and which they retained. Because it is unclear which goods were undamaged and salvaged by plaintiffs, issues of fact preclude summary judgment as to the value of the damage to plaintiffs' property (*Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Concur—Friedman, J.P., Acosta, Andrias, Saxe and Feinman, JJ.